THE GLOBE AND RUTGERS FIRE INSURANCE COMPANY, Respondent, Appellant, *v.* GENERAL ADJUSTMENT BUREAU, Appellant, Respondent.

First Department, March 2, 1928.

Insurance — fire insurance — action to recover from insurance adjuster, based upon negligence in failing to discover incendiary origin, fraudulent proof of loss, and overvaluation — jury rejected claim of arson and fraud in overvaluation — proof does not show that adjusted loss exceeded actual loss.

The defendant, an insurance adjuster, was engaged by the plaintiff to adjust a fire loss and the plaintiff paid the loss adjusted at over $11,000. This action is to recover that amount on the theory that the defendant failed to discover that the fire was of an incendiary origin and that the property was fraudulently overvalued. The jury by returning a verdict of $2,000 evidently rejected the

claim that arson should have been discovered or that there was such fraud in overvaluation that the payment of any loss could have been avoided if the defendant had acted diligently. The only basis of recovery remaining is that the actual loss sustained by payment of the adjusted loss exceeded the fire loss. The proof in reference to that does not sustain the plaintiff, for while it appears that the loss adjusted on different items may have exceeded the actual value by $31,603, still the defendant deducted $38,000 from the assured's original claim for " depreciations and reductions." Therefore, there is no proof of excess of adjusted loss over actual fire loss.

CROSS-APPEALS by the plaintiff and the defendant from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 6th day of May, 1926, and separate appeals from orders entered on the 25th day of March, 1926, and the 5th day of May, 1926, denying their separate motions for a new trial.

*Robert Kelly Prentice* of counsel [*Prentice & Townsend*, attorneys], for the plaintiff.

*Edgar J. Nathan* of counsel [*Brison Howie* with him on the brief; *Cardozo & Nathan*, attorneys], for the defendant.

McAvoy, J. Plaintiff is an insurance company. Defendant is a corporate adjuster of insurance claims.

One John M. Larsen had a flying field with aeroplanes, parts, hangars and other aeroplane equipment, which he had insured for $192,450. He had a fire and defendant was engaged to make the adjustment of loss for plaintiff company. Defendant, with another adjuster, working for a coinsurer, adjusted the claim at $174,000, of which plaintiff's share was over $11,000, which plaintiff paid.

It was afterward discovered that the fire apparently was of incendiary origin, that the claims were in all likelihood padded in the proof of loss, and that the adjuster had relied largely on what Larsen told him, and, it is asserted, made no real investigation of the nature of the loss and its cause, or of the amounts charged for the various items in the proof of loss.

Plaintiff insurer sues for its entire payment to the insured on allegations, in effect, that if defendant's agent, the adjuster, had been diligent, he would have found that excessive prices had been charged for seven aeroplane motors in the proof of loss put at $4,000 each, which were procurable in New York at $725 apiece, and that such excess in claim on the part of insured would show fraud which would have vitiated the policy and enabled plaintiff to escape any payment on account of the loss.

The jury brought in a verdict for $2,000, which sum had no relation whatever to any items of proof in the record.

Plaintiff appeals and asks for a judgment for the full amount of its payment of over $11,000. Defendant also appeals and asserts there is no proof of any damage by reason of negligence or misconduct of defendant's agent.

We think the judgment must be reversed because basically it was not shown that the actual fire loss was less than the amount of the adjusted loss, and that obviously the jury must have rejected the claims of plaintiff that arson should have been discovered and disclosed or that there was such fraud in overvaluation of the property that payment for any loss under the policy could have been avoided if defendant's agent had acted diligently to discover the excessive values put upon the property. These bases of plaintiff's recovery being unfounded, the only other ground of damage was the actual loss sustained by payment of an adjusted loss in excess of the fire loss. Three items were proven as alleged excessive claims, the price of the hangars, the cost of the seven aeroplane motors and the charge for fifty-nine piston rings. If the sums at which these items were paid for as losses were all added together, they would not equal the amount the adjuster reduced the whole claim for "depreciations and reductions."

Taking the most favorable testimony for plaintiff, the loss on hangars Nos. 1 and 3 was $2,500, and on the seven aeroplane motors, $3,500, or a total of $6,000. The loss on these two items as adjusted by Lee, the defendant's agent, was, for aeroplanes, $28,000; for hangars, $9,603; in all $37,603, or an excess valuation in adjustment of $31,603. The adjusting agent Lee deducted more than $38,000 from the insured's original claim in the proof of loss, which he labeled "depreciations and reductions." He did this to cover such overvaluations in the many items as he might not discover. Such sum more than offsets any damage which any proof by plaintiff of values exhibits.

As there was no other proof of excess of adjusted loss over fire loss, and apparently from the argument and brief of plaintiff none other is intended to be offered hereafter, as during the argument and in the briefs a new trial is not asked but final judgment requested on the case as presented by counsel for both parties, the lack of proof of damage requires dismissal of the complaint.

The judgment and orders should, therefore, be reversed, with costs to the defendant, and the complaint dismissed, with costs.

DOWLING, P. J., MERRELL, MARTIN and PROSKAUER, JJ., concur.

Judgment and orders reversed, with costs to the defendant, and the complaint dismissed, with costs.